RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _12 / 20 / 11_

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RAKEEM CUNNINGHAM,<br>　　　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV10-01674 |
| VERSUS | |
| TIMOTHY ROBINSON, et al.,<br>　　　　　Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed pursuant to Bivens v.
Six Unknown Named Agents of the Federal Bureau of Narcotics, 403
U.S. 388, 91 S.Ct. 1999 (1971),[1] on November 2, 2010, in forma
pauperis, by pro se plaintiff Rakeem Cunningham ("Cunningham"), and
amended on November 13, 2010 (Doc. 3), December 27, 2010 (Doc. 5),
and February 25, 2011 (Doc. 9). The named defendants are Warden
Joe Keffer, the warden of the United States Penitentiary in
Pollock, Louisiana ("USP-Pollock"), T. Robinson, Capt. Winko, Unit
Manager Smith, and Lt. Ventura, all corrections officers employed

---

[1] Bivens defendants are federal officials brought into
federal court for violating the Federal Constitution. Bivens-
type actions may be brought only against federal agents and not
federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114
S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158
F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may
recover damages for any injuries suffered as a result of federal
agents' violations of his constitutional rights. Channer v.
Hall, 112 F.3d 214, 216 (5th Cir. 1997).

at USP-Pollock, and Willis Steortz and Suzanne Elder, who are nurses employed at USP-Pollock. Cunningham is suing all defendants in both their official and individual capacities. Cunningham contends that, while he was incarcerated in USP=Pollock on November, 3, 2009, he was injured when Capt. T. Robinson used of excessive force against him, the other officers failed to protect him from Robinson, and Steortz and Elder provided inadequate medical care. For relief, Cunningham asks for monetary damages and a declaratory judgment.

Defendants Robinson, Keffer, and Winko were never served with process. Defendants Elder, Robinson, Steortz, and Ventura answered the complaint (Doc. 18) and filed a motion for summary judgment (Doc. 25). Cunningham filed a response to defendants' motion (Doc. 34). Defendants' motion is now before the court for disposition.

## Law and Analysis

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to

it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory

3

allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

Official Capacity Suits

Cunningham brought this suit against the defendants in their official, as well as their individual, capacities (Doc. 5).

Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). An inmate may not bring a Bivens action against the United States, the Bureau of Prisons, or *its officers in their official capacities* as such claims are barred by the doctrine of sovereign immunity. Gibson v. Federal Bureau of Prisons, 121 Fed.Appx. 549, 551 (5th Cir. 2004), citing Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 361 (1991)(the real party in interest in an official-capacity suit is the governmental entity and not the names official); Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 122 S.Ct. 515 (2001).

Therefore, Cunningham's suit against the defendants in their official capacities should be dismissed with prejudice due to sovereign immunity.

Warden Keffer and Capt. Winko

Cunningham named both Warden Keffer and Capt. Winko as defendants. However, neither were served, neither have answered the complaint, and Cunningham has not alleged any facts showing their involvement in any way in the events alleged.

In order to establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights. Reimer v. Smith, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981). Also, Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 1098 n. 7 (1986). Cunningham has not alleged or offered any proof of any act or omission by Warden Keffer or Winko which constituted a violation of Cunningham's civil rights.

Moreover, the doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled §1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th

Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Thompkins, 828 F.2d at 303. Cunningham has not alleged or offered any proof of any acts or omissions by Keffer or Winko or any unconstitutional policies implemented by Keffer or Winko which have deprived Cunningham of his constitutional rights.

Therefore, Cunningham's action against Warden Keffer and Winko should be dismissed for failure to state any type of a claim against them.

Moreover, Warden Keffer and Capt. Winko were never served with the summons and complaints, and no answer or other pleading has been filed on their behalf. Accordingly, it is recommended that the complaint against these defendants be dismissed without prejudice under Fed.R.Civ.P. 4(m) for failure to effect service. See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

Therefore, Cunningham's action for damages against Warden Keffer and Cunningham should be dismissed.

Unit Manager Smith

Cunningham also named Unit Manager Smith as a defendant, alleging that Smith failed to protect him from Robinson and just

stood by and watched as Robinson injured Cunningham's.[2]  However, a summons was never completed for Smith, no attempt was made to effect service, and no answer or other pleading was filed on Smith's behalf.  Therefore, it is recommended that Cunningham's complaint against Smith be dismissed pursuant to Fed.R.Civ.P. rule 4(m) for failure to effect service of process.

Denial of Medical Care Claims

Cunningham alleges that Steortz and Elder denied him appropriate medical care for the injury to his arm.  Defendants contend Cunningham failed to exhaust his administrative remedies as to this claim.

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. § 1997e(a).  The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

---

[2] Cunningham does not allege that Smith was there when the incident began, but appeared in response to Robinson's body alarm and saw what was going on.  Although Cunningham admits in his original complaint that one of the officers who appeared (Officer A.W. Bowe) ordered Robinson to release Cunningham, he alleges they did not intervene quickly enough and that at least five orders were given before Robinson released Cunningham (Doc. 5).

Thus, federal prisoners suing under <u>Bivens v. Six Unknown Fed.</u>
<u>Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619
(1971), must first exhaust inmate grievance procedures just as
state prisoners must exhaust administrative processes prior to
instituting a § 1983 suit.  <u>Porter</u>, 534 U.S. at 524, 122 S.Ct. at
988.  Resort to a prison grievance process must precede resort to
a court.  <u>Porter</u>, 534 U.S. at 529, 122 S.Ct. at 990.

The administrative remedy procedures which must be followed by
a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et
seq.  Those regulations provide for first step of an informal
resolution attempt filed with the prison staff, a second step of a
formal grievance filed with the warden, and appeals at the third
and fourth steps as set forth below in Section 542.15, the third
step is an appeal of the warden's decision to the Regional
Director, and the fourth step is an appeal of the Regional
Director's decision to the General Counsel.

According to an affidavit by Jennifer Hanson (Doc. 25), an
attorney employed by the Federal Bureau of Prisons, Cunningham did
not file a grievance concerning his claim that he was denied
appropriate medical care for his arm.  Hansen also provided
certified copies of Cunningham's grievance (Doc. 25).  Cunningham
himself provided copies of this grievances concerning the alleged
assault by Robinson (Doc. 3), but he has not provided any
grievances concerning the denial of medical care and does not

dispute defendants' contention that he did not file any.

Accepting as true defendants' unopposed contention that Cunningham did not file a grievance concerning the denial of medical care, there are no genuine issues of material fact which would preclude a summary judgment on Cunningham's denial of medical care claim due to lack of exhaustion. Therefore, defendants' motion for summary judgment should be granted as to Cunningham's denial of medical care claim.

## Use of Excessive Force by Robinson

Cunningham contends Robinson used excessive force when he repeatedly slammed the food slot door down onto Cunningham's arm, then leaned his body weight against the food slot door, trapping and injuring Cunningham's arm.

To prevail on an Eighth Amendment excessive force claim, a plaintiff must establish that force was not applied in a good faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm, and that he suffered an injury. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).

In determining the subjective intent of the officer, the trier of fact must base its determination on relevant subjective factors suggestive of intent. Some of the pertinent factors are the extent of the injury suffered, the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any

efforts made to temper the severity of the forceful response. Bender v. Brumley, 1 F.3d 271, 278 (5th Cir. 1993), quoting Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992). A convict, or a pretrial detainee, need not demonstrate significant injury where the force used was malicious and wanton. The core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Bender, 1 F.3d at 278, n. 6, quoting Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992).

The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. LeBlanc v. Foti, 487 F. Supp. 272, 275 (E.D.La. 1980), citing Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973), cert. den., 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973).

The law of the Fifth Circuit is that to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than de minimis physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor. Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). However, the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. The absence of serious injury, while relevant to the inquiry, does not preclude relief. Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997). Also, Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-1179 (U.S. 2010).

Defendants show, in an affidavit by Robinson (Doc. 25), that the matter was investigated by the Office of Internal Affairs ("OIA"). The OIA report is not included in defendants' exhibits. Robinson admits in his affidavit that, although the disciplinary board found Cunningham guilty of an attempted assault on staff, the OIA concluded that Robinson had behaved unprofessionally by closing the food slot door on Cunningham's arm when Cunningham did not present an immediate threat to Robinson or anyone else at that time (Doc. 25). Robinson further states in his affidavit that the OIA also concluded that Robinson had not physically abused Cunningham because there was "no evidence" that Robinson had placed his body

weight against the food slot and that the OIA found Robinson has used "minimal force" when he closed the food slot on Cunningham's arm and had not done so in an attempt to inflict pain on or injure Cunningham (Doc. 25).  Robinson states in his affidavit he was in fear for his safety when Cunningham "aggressively" stuck his arm through the food slot toward Robinson in the presence of other inmates (Doc. 25).

Cunningham alleges in his complaints that he was attempting to pass a food tray and that he was not trying to attack Robinson. Cunningham contends Robinson slammed the food slot door down on his arm several times, then leaned against the food slot door, injuring Cunningham's arm.  Photographs of Cunningham's arm taken after the incident appear to show his arm may have had some swelling (Doc. 25).  Cunningham's medical records and an affidavit by Public Health Officer Spence T. Smith (Doc. 25), who is employed at the Health Service Administrator at USP-Pollock, show Cunningham's arm had a one inch long, superficial scratch, redness, and minimal swelling, and that he was observed a few hours later using his arm to hold a cup of water and  twist the cap off a bottle of Tylenol without apparent problems.

Cunningham was found guilty of attempted assault on staff-an attempted assault to which Robinson responded.  More importantly, Cunningham's injuries are de minimis.  Cunningham has not shown he sustained the type of injury he would have had if his allegations,

that Robinson used a much more extreme amount of force, were true. Therefore, despite the fact that Robinson apparently overreacted to the situation, Cunningham has not shown that Robinson used "excessive force" as required for an Eighth Amendment claim.

Since there are no genuine issues of material fact which would preclude a summary judgment, defendants' motion for summary judgment should be granted on Cunningham's excessive force claim.

<u>Failure to Protect</u>

Cunningham further alleges that Unit Manager Smith and Lt. Ventura failed to protect him by not intervening quickly enough to make Robinson let go of Cunningham's arm.  Cunningham alleges that Officer A.W. Bowe, one of the other officers who responded to Robinson's body alarm, ordered Robinson at least five times to release Cunningham before Robinson complied.

To prevail on am Eight Amendment claim for failure to protect, a prisoner show he was incarcerated under conditions posing substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  <u>Newton v. Black</u>, 133 F.3d 301, 308 (5th Cir.1998).

Since Cunningham has not proven that Robinson used excessive force against him, his claim against Ventura and Smith for failure to protect him from excessive force must necessarily fail. Cunningham cannot show that Lt. Ventura or Unit Manager Smith knew of a substantial risk of serious harm and were deliberately

indifferent to his need for protection. Compare, <u>Shelby v. Enlers</u>, 429 Fed.Appx. 392, 393 (5th Cir. 2011), pet. for cert. filed (8/11/2011). It is also noted that, although neither Ventura and Smith ordered Robinson to release Cunningham, one of other officers did, so Ventura and Smith did not simply stand by while nothing was being done to free Cunningham's arm from Robinson and the food slot.

Moreover, defendants show that Cunningham did not file a grievance concerning his failure to protect claim, and argue that it is not exhausted. Cunningham does not dispute that contention and does not show that he did, in fact, filed grievances as to this claims. Therefore, there are no genuine issues of material fact which would preclude a summary judgment on Cunningham's failure to protect claim due to lack of exhaustion.

Since there are no genuine issues of material fact which would preclude a summary judgment, defendants' motion for summary judgment should be granted as to Cunningham's failure to protect claim.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Cunningham's action against Keffer, Winko, and Smith be DISMISSED WITH PREJUDICE for failure to state a constitutional claim and for failure to effect service.

IT IS FURTHER RECOMMENDED that the motion for summary judgment

14

filed by defendants' Robinson, Steortz, Elder, and Ventura (Doc. 25) be GRANTED and that Cunningham's action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of December 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

15